# FARMERS MUTUAL INSURANCE ASSOCIATION OF GEORGIA *v.* AUSTIN.

1. The question of the validity of a contract made by an insurance company during a year in which it had failed to pay its license tax to the State is not made in the present record.
2. As the jury in the justice's court found in favor of the defendant upon evidence demanding a verdict for the plaintiff, the superior court erred in overruling the certiorari sued out by the latter.

Argued December 12, 1899. — Decided January 30, 1900.

Certiorari. Before Judge Lumpkin. Fulton superior court. March term, 1899.

*O. E. & M. C. Horton*, for plaintiff.
*R. J. Jordan*, for defendant.

LUMPKIN, P. J. The Farmers Mutual Insurance Association of Georgia was a corporation organized for the purpose of insuring its members against loss by fire, wind, or lightning. Its scheme, under its constitution and by-laws, for raising money with which to pay losses was to make assessments upon its members. J. A. DeFoor was a member, and sustained a loss by fire. J. P. Austin, another member, was assessed $4.70 for his pro rata share of this loss. He refused to pay, and the association

brought against him an action upon an account in which the particulars as to this assessment were fully set forth. There was a verdict for the defendant, and the plaintiff sued out a certiorari, which the superior court overruled, and the association excepted.

In the justice's court its secretary testified that "the account sued on was just, true, due, and unpaid ; that said account was due on account of J. A. DeFoor loss by fire; that said fire occurred on or about the month of December, 1896; that said DeFoor was a policy-holder in said association," etc., etc., making out a complete case for the plaintiff. It does not appear that the defendant disputed either the justice or the amount of the assessment, and the only defense relied upon was that the association, by reason of its failure to pay its license taxes to the State for the years 1896 and 1897, was not lawfully entitled to transact business during those years, and therefore could not enforce the collection of this assessment. In support of this defense, the defendant proved that the plaintiff had not paid the taxes indicated. The record is silent as to whether the tax for 1895 was paid, nor does it disclose the date of DeFoor's policy. Counsel argued here the question whether or not the contracts of this association were void because of its failure to pay the taxes of 1896 and 1897, but we do not think this question was really involved in the case and can not, therefore, with propriety undertake to decide it. If the association was lawfully entitled to transact business when it issued the policy to DeFoor; it certainly had the right to collect the assessment due by Austin. If it ever became legally bound to pay DeFoor for a loss by fire, Austin at the same time became liable to pay his proportion of such loss, if it occurred during the period covered by the policy. The correctness of this proposition can not be seriously doubted. It does not affirmatively appear that the association was for any reason not so entitled when that policy was issued. The loss occurred in December, 1896, or about that time; and, for aught that appears, the policy may have been executed and delivered in 1895. If so, it was apparently a valid contract, for there was no defense based upon the assertion that the tax for that year had not been paid, nor was it incumbent on the plaintiff to show affirmatively that

it had paid its tax for that year.   If it failed to do so, the bur-
den rested upon the defendant to allege and prove that such
was the fact.   Let it be remembered that the evidence for the
plaintiff made a prima facie case in its favor.   The defendant
sought to overcome this evidence by attempting to show that
the plaintiff could not lawfully write a contract of insurance in
1896 or in 1897, and did not show that the policy in question
was in fact issued in either of those years.   In other words, he
utterly failed to show that the DeFoor policy was for any rea-
son invalid.   This being so, and the positive testimony being
that the account sued on was "just, true, due, and unpaid,"
which could not have been so if the policy on which the assess-
ment was based was void, a verdict for the plaintiff, so far as
the record before discloses, was demanded and the court ought
to have sustained the certiorari.

> *Judgment reversed.   All the Justices concurring.*